IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| | * | |
| **JOSEPH FELDER,** | * | |
| Plaintiff | * | |
| v. | * | **CIVIL NO. JKB-16-3517** |
| **MAXIMUS, INC, et al.** | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Plaintiff Joseph Felder initiated this action by filing a complaint against his former employers, Defendants Maximus, Inc. ("Maximus"), and Computer Sciences Corporation ("CSC"). (Compl., ECF No. 1.) Plaintiff alleges age discrimination in violation of the Age Discrimination in Employment Act (Counts I and II),[1] and in violation of the Maryland Civil Rights Act (Counts III and IV); Plaintiff also alleges racial discrimination in violation of Title VII (Counts V and VI), and in violation of 42 U.S.C. § 1981 (Counts VII and VIII). (*Id.*) Defendant Maximus has moved to dismiss Plaintiff's claims against it for racial discrimination, only (Counts V and VII). (ECF No. 7.) Subsequent to that motion, Plaintiff filed an Amended Complaint (ECF No. 15), as well as an opposition to Defendant's motion to dismiss (ECF No. 13). In its reply, Defendant has indicated a desire to apply its motion to dismiss to the Amended Complaint. (Def.'s Reply 1 n.1 ECF No. 16.) No hearing is necessary. Local Rule 105.6 (D. Md. 2016.) For the reasons stated below, Defendant's motion will be denied.

---

[1] Each count is duplicated to account for the separate defendants: the odd-numbered counts are against Defendant Maximus, and the even-numbered counts are against Defendant CSC.

## I. Standard for Dismissal for Failure to State a Claim

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

## II. Allegations of the Amended Complaint[2]

Plaintiff is a Caucasian male who was born in 1945. (Am. Compl. ¶ 2.) His employment with Maximus originated with that company's acquisition of Plaintiff's former employer, Acentia, which allegedly occurred in January of 2011. (*Id.* at ¶ 12.) In 2015, Plaintiff held a position of Business Analyst and was working on the Quality Improvement Organization project of the Development Effort Consolidation Contract at CSC's location in Columbia, Maryland. (*Id.* at ¶¶ 13, 14.) Plaintiff alleges his supervisor and other team members were all of Indian national origin, often spoke amongst each other in a foreign language presumed to be Hindi, and

---

[2] The facts are recited here as alleged by Plaintiff.

2

were significantly younger than he was. (*Id.* at ¶¶ 17, 18.)  Plaintiff claims he was the most experienced member of his group, had the longest tenure with his employer, and performed his job satisfactorily. (*Id.* at ¶¶ 18, 20.)  Nonetheless, his employment was terminated effective May 7, 2015, while his younger, less-experienced, Indian coworkers were retained. (*Id.* at ¶ 16.)

## III. Analysis

Defendant Maximus's motion to dismiss only involves Plaintiff's allegations brought pursuant to § 1981 and Title VII.  Plaintiff states a plausible claim under both statutes.  As such, Defendant's motion will be denied.

Originally passed as part of the Civil Rights Act of 1866, § 1981 provides in pertinent part that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981 (2015).  Title VII of the Civil Rights Act of 1964 provides a right of action to an employee whose employment was terminated (or took another enumerated action) *because of the employee's race.*  42 U.S.C. § 2000e-2(a) (2015).  In the employment context, courts employ a common analysis on claims of racial discrimination brought under either Title VII or § 1981. *Gairola v. Va. Dept. of Gen. Servs.,* 753 F.2d 1281, 1285 (4th Cir. 1985).  Thus, in order to survive a motion to dismiss, a complaint for discriminatory termination under either statute must allege facts allowing for a reasonable inference that the defendant terminated the plaintiff's employment because of his race. *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015).

One might reasonably infer that an employee was terminated because of his race if the employee alleges direct or indirect evidence of a discriminatory motive or if he pleads a prima

facie case of discrimination under *McDonnell Douglas Corp. v. Green*.[3] *See Furnco Const. Corp. v. Waters*, 438 U.S. 567, 579–80 (1978). An employee states a prima facie case of employment discrimination when he claims (1) that he is a member of a protected class, (2) that his employer took an adverse employment action against him, (3) that he was meeting legitimate employment expectations, and (4) that he was treated differently from similarly-situated persons outside of his protected class. *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 527 (D. Md. 2015), *aff'd as modified*, 659 F. App'x 744 (4th Cir. 2016).

At the pleading stage, it is not *necessary* that a plaintiff plead the elements of a prima facie case of employment discrimination in order to survive a motion to dismiss. *McCleary-Evans*, 780 F.3d at 584–85. The plaintiff could, after all, allege direct evidence of an employer's discriminatory intent. *Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 249 (4th Cir. 2015). Nonetheless, because it raises a permissible inference of discrimination, pleading a prima facie case is *sufficient* to defeat a motion to dismiss. *See Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1050 n.2 (9th Cir. 2012).

In the instant case, Plaintiff has not alleged direct or circumstantial evidence of his employer's discriminatory intent. However, he has alleged (1) that he was a Caucasian with a national origin in the United States; (2) that his employment was terminated; (3) that he was meeting his employer's expectations at the time of his termination (and was well-qualified for the work); and (4) that other employees holding the same or similar positions were not terminated, were less qualified for said positions, had less seniority with the company, and were

---

[3] A plaintiff's establishment of a prima facie case of discrimination is the first of three steps in the well-known *McDonnell Douglas* burden-shifting framework for assessing proof in a discrimination claim where no direct or indirect evidence is offered. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the plaintiff satisfies the initial burden of production by presenting a prima facie case, the defendant is next required to offer a legitimate, non-discriminatory reason for its action before the burden finally returns to the plaintiff to show that the defendant's explanation is merely pretext to cover a discriminatory motive. *Id.* at 802, 804. This three-step process is an evidentiary standard and is not directly applicable at the pleading stage. *McCleary-Evans*, 780 F.3d at 584.

of a different race and national origin from those of Plaintiff.  (Am. Compl. ¶¶ 15–20.)  Thus, while he was not required to do so, Plaintiff has alleged facts constituting a prima facie case of discriminatory discharge.  Given that such facts, if proven, would be sufficient to merit judgment for Plaintiff,[4] such allegations are sufficient to meet the lesser standard necessary to defeat a motion to dismiss.  Therefore, Plaintiff has pled a plausible claim for relief.

Plaintiff's claim is thus distinguishable from that presented in *Ruffin*, a case relied on by the Defendant.  (*See* Def.'s Reply Mot. 2, ECF No. 16)  The employee in that case could neither present a prima facie case of discrimination nor allege other facts to plausibly infer she was fired because of her race.  126 F. Supp. 3d at 527.

Because Plaintiff has made out a plausible claim for relief, Defendant Maximus's motion to dismiss will be denied.

## IV.  Conclusion

For the foregoing reasons, it is ORDERED:

1. Defendant's motion to dismiss (ECF No. 7) is DENIED, and
2. Defendant SHALL ANSWER in accordance with Federal Rule of Civil Procedure 12(a)(4)(A).

DATED this 7th day of March, 2017.

BY THE COURT:

/s/
James K. Bredar
United States District Judge

---

[4] Plaintiff could only earn a judgment based on a prima facie case if Defendants then failed to meet their burden in response.  *See McDonnell Douglas*, 411 U.S. at 802.